USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/13/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------

NEW YORK MERCANTILE EXCHANGE
        Plaintiff,

        96 CIV 8988 (SAS)

  -against-

PAOLO VERRONE, TRACI GILSON and CENTRAL
TOURS INTERNATIONAL, INC. d/b/a CTI TRAVEL,
        Defendants.

**ASSIGNMENT OF JUDGMENT**

#98, 2594

X------------------------------------------------X

    This Assignment of Judgment is made as of November 18, 2009, by New York Mercantile Exchange, with an address at ??? to Federal Insurance Company, with an address at 15 Mountainview Road PO Box 1616 Warren, NJ 07059;

    WHEREAS, New York Mercantile Exchange, having filed an action against Paolo Verrone, Traci Gilson and Central Tours International, Inc. d/b/a CTI Travel in the United States District Court Southern District of New York, entitled New York Mercantile Exchange against Paolo Verrone, Traci Gilson and Central Tours International, Inc. d/b/a CTI Travel, bearing Case Number 96CIV8988; and

    WHEREAS, Paolo Verrone, Traci Gilson and Central Tours International d/b/a CTI Travel having been properly served with the Summons and Complaint in the Litigation; and

    WHEREAS, New York Mercantile Exchange having obtained Judgment in the amount of $1,124,141.28 against Paolo Verrone and Traci Gilson in the Litigation on November 23, 1998 (the "Judgment"), a copy of which is attached hereto as Exhibit "A"; and

    WHEREAS, Federal Insurance Company issued an insurance policy to New York Mercantile Exchange, bearing policy number 81018214, and accordingly issued payment of $355,182.15 under said policy for the dishonest acts of Paolo Verrone and Traci Gilson. New York Mercantile Exchange executed a Release & Assignment in favor of Federal Insurance Company on January 28, 2007, a copy of which is attached hereto as Exhibit "B"; and

    WHEREAS, New York Mercantile Exchange having agreed to assign to Federal Insurance Company all of its rights and interests in the Judgment, and Federal Insurance Company having agreed to accept such assignment of the Judgment.

    NOW, THEREFORE, in consideration of the sum of one dollar ($1.00) and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. New York Mercantile Exchange hereby transfers, assigns, conveys and grants to Federal Insurance Company all of its rights and interests in Judgment.

2. New York Mercantile Exchange represents and warrants that it has made no other assignment of any of its rights and interests in the Judgment.

3. This Assignment shall be governed by the laws of the State of New York.

4. New York Mercantile Exchange has caused this Assignment to be duly executed as of the date first above written.

By: *Kathleen Cronin* (signature)
    Kathleen Cronin
    Authorized Representative of New York Mercantile Exchange

## RELEASE AND ASSIGNMENT

WHEREAS, New York Mercantile Exchange is the first named assured, (hereinafter called "ASSURED") under Executive Protection Policy No.81018214 issued by **FEDERAL INSURANCE COMPANY**; and

WHEREAS, said Executive Protection Policy agrees to indemnify ASSURED among other things for direct losses sustained as a result of Employee Theft subject to a $1,000,000 limit of liability and a $25,000 deductible; and

WHEREAS, ASSURED has stated and does state it has sustained a loss in the total amount of $380,182.15 due to the theft by Traci L. Gilson, formerly of New York Mercantile Exchange, acting alone or in collusion with others as more fully stated in its Proof of Loss dated December 19, 1996.

NOW, THEREFORE, in consideration of $355,182.15 receipt of which is hereby acknowledged, ASSURED does hereby forever release and discharge **FEDERAL INSURANCE COMPANY** from and against any and all losses, claims of any kind or causes of action it may now have or may discover it has as a result of the theft of Traci L. Gilson acting alone or in collusion with others.

ASSURED does hereby assign and transfer all of its rights against Traci L. Gilson and against any other persons, banks, corporations or other entities who may have participated in any manner or contributed to said loss sustained, to **FEDERAL INSURANCE COMPANY** and does hereby appoint **FEDERAL INSURANCE COMPANY** its attorneys-in-fact to sue, collect, receipt for, compromise and settle in the name of ASSURED or **FEDERAL INSURANCE COMPANY** at the sole expense and discretion of **FEDERAL INSURANCE COMPANY**. ASSURED agrees to cooperate, to execute any necessary documents and to appear or cause (to the extent it can reasonably do so) its employees or agents to appear at any proceeding necessary to preserve the rights hereby assigned.

ACCEPTED AND AGREED:

_____
New York Mercantile Exchange
By: PATRICK F. CONROY
Title: SR. VICE PRESIDENT

WITNESSED this 28 day of January 1997

_____
Notary Public

M. DAWN LOWE
Notary Public, State of New York
No. 4968617
Qualified in Kings County
Expires July 16, 1998



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------X
NEW YORK MERCANTILE EXCHANGE,
Plaintiff,

96 CIV 8988 (SAS)

-against-

**JUDGMENT**

PAOLO VERRONE, TRACI GILSON and CENTRAL
TOURS INTERNATIONAL, INC. d/b/a CTI TRAVEL,
Defendants.
X------------------------------------------------X

# 98, 2594

Whereas on February 26, 1998, this Court having entered a default judgment against defendant Paulo Verrone; on May 26, 1998, the Court also having entered a default judgment against defendant Traci Gilson; and the Court having referred the matter to the Honorable Henry B. Pitman, United States Magistrate Judge for a determination of damages and the matter having been assigned to the Honorable Shira A. Scheindlin, United States District Judge, and the Court, on November 18, 1998 having issued its Opinion (81535) and Order directing the Clerk of the Court to enter judgment for plaintiff in the amount of $1,124,141.28 against Paulo Verrone and Traci Gilson, it is,

**ORDERED, ADJUDGED, AND DECREED**, That pursuant to the Court's Opinion (81535) and Order dated November 18, 1998, judgment is entered in favor of plaintiff in the amount of $1,124,141.28 as against Paulo Verrone and Traci Gilson.

DATED : New York, NY
November 23, 1998

JAMES M PARKISON

_____
Clerk
By: _____
Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____